**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RETHINKX, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. |
| v. | ) ) ) | |
| HOWARD WEISS, an individual, | ) ) | |
| Defendant. | ) | |

**COMPLAINT**

RethinkX, Inc. ("Plaintiff"), for its Complaint ("Complaint") against Howard Weiss

("Defendant"), alleges as follows:

**SUMMARY OF THE CASE**

1.      Plaintiff brings this lawsuit against Defendant for trademark infringement and

unfair competition for Defendant's intentional misuse of Plaintiff's trademarks in connection

with marketing Defendant's services.

2.      To remedy Defendant's intentional misconduct, Plaintiff seeks, among other

relief, damages and a permanent injunction barring Defendant from using any of Plaintiff's

intellectual property.

**PARTIES**

3.      Plaintiff is, and was at all relevant times, a Delaware company with a principal

mailing address of 30815 Phillips Branch Road, Millsboro, Delaware 19966.

4.      Defendant is an individual with a mailing address of 3400 Sheridan Avenue,

Miami Beach, Florida 33140.

**JURISDICTION AND VENUE**

5.      This civil action for trademark infringement and unfair competition is authorized pursuant to the federal Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

7.      This Court has personal jurisdiction over Defendant in this action under, *inter alia*, Del. Code. Ann. Tit. 3 § 3104(1) and (2) because Defendant transacts business and provides services in the state of Delaware.

8.      Venue in this Court is proper under 28 U.S.C. § 1391 as Defendant solicits, transacts, and/or is doing business within this District and is subject to personal jurisdiction in this District.

**GENERAL ALLEGATIONS**

9.      Plaintiff is known throughout the United States and world for its quality educational services, research and technological consultancy related to emerging technology associated with healthcare.

10.     Since at least as early as 2016, and prior to any date upon which Defendant may rely, Plaintiff has provided services under the "RETHINKX" trademark ("RETHINKX Trademark").

11.     Since June 20, 2024, Plaintiff has owned International Registration No. 1812293 for the RETHINKX Trademark.

12.     Since July 1, 2025, Plaintiff has owned U.S. Trademark Registration No. 7,846,649 for the RETHINKX Trademark in connection with "Educational classes, seminars, and workshops in the fields of new and emerging technologies; training in the fields of new and

2

emerging technologies; education services, namely, providing training in the fields of new and emerging technologies; education services, namely, providing training in the fields of technologies relating to technological information, energy, transport, food, and materials, economics, finance, social systems, governance, government, biology, physics, chemistry, climate change, medicine, healthcare, and urban design; organizing educational events in the fields of new and emerging technologies for educational purposes" in International Class 41 and "Technological consultancy in relation to research services relating to the fields of new and emerging technologies; scientific research and analysis in the fields of new and emerging technologies; technical data analysis in the fields of new and emerging technologies; creating an on-line community for registered users to form virtual communities and engage in social networking services; computer technology consultancy; scientific research and analysis of new and emerging technologies; scientific research and analysis in the field of technologies relating to technological information, energy, transport, food, and materials, economics, finance, social systems, governance, government, biology, physics, chemistry, climate change, medicine, healthcare, and urban design; technological consultancy in relation to research services relating to the fields of technological information, energy, transport, food, and materials, economics, finance, social systems, governance, government, biology, physics, chemistry, climate change, medicine, healthcare, and urban design; technological and scientific consultancy in the field of energy-saving" in International Class 42 (the "RETHINKX Registration").

13. The RETHINKX Registration is in full force and effect. A true and accurate copy of the Registration Certificate for the RETHINKX Registration is attached hereto as **Exhibit 1**.

14. Over the years, Plaintiff has focused on ensuring superior quality of its services in order to build long-term goodwill associated with the RETHINKX Trademark.

3

15.	Plaintiff has extensively marketed and offered its services under Plaintiff's RETHINKX Trademark throughout the United States and throughout the world.

16.	Plaintiff has invested substantial amounts of money, time, and effort to advertise its services bearing Plaintiff's RETHINKX Trademark widely to the purchasing public, before Defendant's acts complained of herein.

17.	Since prior to the acts of Defendant complained of herein, Plaintiff's RETHINKX Trademark has been recognizable by the public as associated exclusively with Plaintiff. The purchasing public generally associates and identifies Plaintiff's RETHINKX Trademark with the highest reputation and quality of Plaintiff's services.

18.	Plaintiff's RETHINKX Trademark indicates the origin of Plaintiff's services and is relied upon and recognized by the public as a symbol of and assurance as to the quality of Plaintiff's services. As a result, Plaintiff's RETHINKX Trademark has acquired substantial goodwill and is a valuable asset.

**DEFENDANT'S INFRINGING AND UNLAWFUL ACTIVITIES**

19.	Plaintiff discovered that Defendant is using the marks "RETHINKX" and "RETHINKX.AI" (individually and collectively the "Infringing Trademark") to advertise Defendant's consultancy, products, and services in the field of technology related to healthcare.

20.	Defendant utilizes the Infringing Trademark in commerce, including on Defendant's website (https://rethinkx.ai/) and social media accounts. See **Composite Exhibit 2.**

21.	Defendant's services under the Infringing Trademark are identical or confusingly similar to Plaintiff's services under the RETHINKX Trademark.

22.	Defendant is aware of the strength of Plaintiff's RETHINKX Trademark and the incalculable goodwill associated with that brand.

4

23. Plaintiff sent letters to Defendant on March 3, 2026 and March 25, 2026 to notify Defendant of Plaintiff's rights in the RETHINKX Trademark. See **Exhibits 3 and 4**, respectively.

24. Notwithstanding that knowledge, Defendant improperly used, and continues to improperly use, the Infringing Trademark without Plaintiff's express permission, consent, and authorization.

25. Defendant's repeated, willing, and unauthorized use of the Infringing Trademark violates Plaintiff's trademark rights by, *inter alia*, creating confusion in the marketplace and encroaching upon Plaintiff's exclusive rights to Plaintiff's RETHINKX Trademark.

26. Defendant's Infringing Trademark is confusingly similar to Plaintiff's RETHINKX Trademark because, among other things: (a) the Defendant's "RETHINKX" trademark is identical to Plaintiff's RETHINKX Trademark in terms of appearance, sound, connotation, and overall commercial impression; (b) the services are related as both marks are used in connection with consultancy relating to technology associated with healthcare; (c) the channels of trade are the same or highly similar; (d) the consuming class is the same or highly similar; and (e) the advertising channels are the same or highly similar because Plaintiff and Defendant advertise online.

27. Defendant's use of the Infringing Trademark is designed to and is likely to cause confusion and mistake, to deceive customers and prospective customers as to the origin or sponsorship of Defendant's services, and to cause them to falsely believe that Defendant's services are the services of Plaintiff, or are sponsored, licensed, authorized, or approved by Plaintiff, all to the detriment of Plaintiff, the trade, and the public. Defendant's continued and improper use of the Infringing Trademark is willful.

28.    Plaintiff has been damaged by Defendant's acts of infringement.

29.    Defendant's acts have caused and will continue to cause substantial and irreparable injury to Plaintiff unless such acts are restrained by this Court.

30.    Plaintiff has no adequate remedy at law.

31.    Defendant's activities amount to trademark infringement and unfair competition.

## COUNT I:    FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. §§ 1114-1117; Lanham Act § 32

32.    Plaintiff alleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

33.    Plaintiff has used and continues to use Plaintiff's RETHINKX Trademark in commerce in connection with Plaintiff's services.

34.    Despite Defendant's constructive notice of Plaintiff's ownership of the RETHINKX Trademark under 15 U.S.C. § 1072 and Defendant's actual notice of Plaintiff's ownership of the RETHINKX Trademark, Defendant has used and continues to use the Infringing Trademark in commerce without Plaintiff's consent in connection with the sale and advertisement of Defendant's services.

35.    Defendant's acts of willful trademark infringement have been committed with the intent to cause confusion, mistake, or deception, cause harm to Plaintiff and consumers, and are in violation of 15 U.S.C. § 1114.

36.    Defendant's acts have harmed Plaintiff's reputation, damaged Plaintiff's goodwill, and upon information and belief, have and will continue to divert sales from Plaintiff.

37.    As a direct and proximate result of Defendant's infringing activities, Plaintiff is entitled to recover all of Defendant's unlawful profits, Plaintiff's damages, Plaintiff's costs, and treble damages under 15 U.S.C. § 1117(a).

38.    Defendant's infringement is exceptional and intentional, entitling Plaintiff to attorney fees under 15 U.S.C. § 1117(a).

39.    Further, Defendant's past and continuing infringement of Plaintiff's registered RETHINKX Trademark has caused and will continue to cause irreparable injury to Plaintiff. Unless restrained and enjoined, Defendant will continue to commit such acts of infringement. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

40.    Wherefore, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT II:    UNFAIR COMPETITION
### 15 U.S.C. § 1125(a); Lanham Act § 43(a)

41.    Plaintiff alleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully rewritten herein.

42.    Defendant's infringing use of the RETHINKX Trademark tends falsely to describe its services within the meaning of 15 U.S.C. § 1125(a)(1).

43.    Defendant is using the Infringing Trademark in order to confuse the public into believing that Defendant's services have been authorized, licensed, or sponsored by Plaintiff.

44.    The public and/or any consumer of Plaintiff's services viewing Defendant's brand name, business materials, website, and/or social media amounts, would likely purchase Defendant's services based upon the misperception that Defendant is somehow affiliated with Plaintiff.

7

45.    Defendant's conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant and Defendant's services by or with Plaintiff and Plaintiff's services and thus, constitute unfair competition, false designation of origin, and/or false description or representation in violation of 15 U.S.C. § 1125(a)(1).

46.    As a direct and proximate result of Defendant's infringing activities, Plaintiff is entitled to recover all of Defendant's unlawful profits, Plaintiff's damages, Plaintiff's costs, and treble damages under 15 U.S.C. § 1117(a).

47.    Defendant's infringement is exceptional and intentional, entitling Plaintiff to attorney fees under 15 U.S.C. § 1117(a).

48.    Further, Defendant's past and continuing infringement of Plaintiff's RETHINKX Trademark has caused and will continue to cause irreparable injury to Plaintiff. Unless restrained and enjoined, Defendant will continue to commit such acts of infringement. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

49.    Wherefore, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment against Defendant on each and every claim as set forth above and the following relief:

(A)    Judgment in favor of Plaintiff that its RETHINKX Trademark has been infringed, as a direct and proximate result of the willful acts of Defendant as set forth in this Complaint, including Defendant's use of the Infringing Trademark, in violation of Plaintiff's rights under federal law;

(B) Judgement in favor of Plaintiff that Defendant has competed unfairly with Plaintiff in violation of Plaintiff's rights under federal law;

(C) A preliminary and permanent injunction enjoining Defendant, his agents, servants, employees, attorneys, representatives, successors, and assigns from displaying, advertising, or promoting any goods or services using any words, symbols, or designs that so resemble Plaintiff's RETHINKX Trademark as to be likely to cause confusion, mistake, or deception, on or in connection with any product or service that is not authorized by or for Plaintiff;

(D) A preliminary and permanent injunction enjoining Defendant, his agents, servants, employees, attorneys, representatives, successors, and assigns from competing unfairly with Plaintiff in any manner;

(E) An order requiring Defendant to transfer any and all applicable social media accounts and domain names registered by Defendant (directly or indirectly), containing the Infringing Trademark, or any confusingly similar variations thereof (including https://rethinkx.ai/);

(F) An order requiring Defendant to recall and deliver up for destruction all goods, boxes, labels, signs, prints, packages, wrappers, advertisements, and other written or printed material in the possession or control of Defendant which bears the Infringing Trademark and/or Plaintiff's RETHINKX Trademark, including but not limited to any formative variations or phonetic or foreign equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any mark similar thereto or likely to be confused therewith, alone or in combination with any other word or element, along with all materials and other means used in making the aforesaid items;

9

(G)    An accounting be directed to determine Defendant's profits resulting from its activities and that such profits be paid over to Plaintiff;

(H)    An Order awarding Plaintiff recovery of all damages it sustained as a result of Defendant's activities;

(I)    An Order awarding Plaintiff treble damages and costs;

(J)    An Order awarding Plaintiff pre-judgment and post-judgment interest on each and every damage award;

(K)    An Order awarding Plaintiff attorney fees pursuant to 15 U.S.C. § 1117(a); and

(L)    Such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff RethinkX, Inc. hereby demands a jury trial by jury as to all issues triable of right by jury.

CONNOLLY GALLAGHER LLP

OF COUNSEL:

Daniel A. Thomson
EMERSON THOMSON BENNETT, LLC
1914 Akron-Peninsula Road
Akron, OH 44313
(330) 434-9999
dat@etblaw.com

Dated: July 17 2026

/s/ Alan R. Silverstein
Alan R. Silverstein (#5066)
1201 North Market Street
20th Floor
Wilmington, DE 19801
302-757-7300
asilverstein@connollygallagher.com

*Attorneys for Plaintiff*

10